UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRSTEN D'JUVE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2386** |
| **AMERICAN MODERN HOME INSURANCE COMPANY** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss (Doc. #7) is **GRANTED**. Plaintiff is **GRANTED LEAVE TO AMEND** her complaint within fourteen days of the date of this order. Plaintiff's failure to file an amended complaint curing the pleading deficiency will result in dismissal without prejudice.

Plaintiff, Kirsten D'Juve, filed this action against defendant, American Modern Home Insurance Company, alleging that she procured a homeowner's insurance policy from American Modern covering her home in Ponchatoula, Louisiana, and that American Modern breached that contract by failing to pay her claim when the home sustained damage as a result of Hurricane Isaac in August 2012. American Modern filed a motion to dismiss arguing that plaintiff's complaint is deficient because the insurance policy was actually procured by her mortgagee, and she failed to allege that she was a third-party beneficiary of that policy.[1] Plaintiff admits to the pleading deficiency and asks for leave to file an amended complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and to comply with Rule 8(a)(2) a plaintiff must "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp.

---

[1] American Modern also makes arguments regarding plaintiff's standing to pursue a claim under the lender-placed policy as a third-party beneficiary. These arguments are premature in light of plaintiff's pleading deficiency.

v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, and that the court should freely give leave when justice so requires. Because the complaint is admittedly deficient, American Modern's motion to dismiss is GRANTED, and plaintiff is GRANTED LEAVE TO AMEND her complaint within fourteen days of the date of this order. However, plaintiff's failure to file an amended complaint curing the pleading deficiency will result in dismissal without prejudice.

New Orleans, Louisiana, this 11th   day of December, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**