UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRSTEN D'JUVE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2386** |
| **AMERICAN MODERN HOME INSURANCE COMPANY** | **SECTION: "S" (3)** |

## ORDER

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss Amended Complaint (Doc. #17) is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, American Modern Home Insurance Company. American Modern argues that this suit should be dismissed because plaintiff, Kirsten D'Juve, does not have standing to pursue a claim against it as she is not a third-party beneficiary under the homeowner's insurance policy that her mortgagee, Residential Credit Solutions, procured for the property after D'Juve failed to supply satisfactory proof of insurance.

D'Juve filed this action against American Modern, alleging that she procured a homeowner's insurance policy from American Modern covering her home in Ponchatoula, Louisiana, and that American Modern breached that contract by failing to pay her claim when the home sustained damage as a result of Hurricane Isaac in August 2012. American Modern filed a motion to dismiss arguing that plaintiff's complaint was deficient because the insurance policy was actually procured by her mortgagee, Residential, with whom American Modern adjusted the claim for Hurricane Isaac damages to D'Juve's property. American Modern also claimed that D'Juve failed to allege that she was a third-party beneficiary of that policy. Plaintiff admitted to the pleading deficiency. This court

granted American Modern's motion to dismiss, and granted D'Juve leave to file an amended complaint.

On December 23, 2014, D'Juve filed an amended complaint in which she alleged that she "was an expressly intended beneficiary" under the policy because "the policy stipulates a manifestly clear intent to provide [her] any benefits in excess of Residential Credit Solutions' interest in [her] property." She alleged that on August 29, 2012, her property sustained wind and rain damage as a result of Hurricane Isaac, and that such damage was covered by the American Modern policy. D'Juve further alleges that American Modern failed to properly adjust her damages, and that she and/or Residential are owed additional money under the policy.

American Modern filed a motion to dismiss the amended complaint arguing D'Juve is not a third-party beneficiary under the American Modern policy because she owed more on her mortgage when the suit was filed on August 29, 2014 ($91,575.71 as of August 4, 2014) than the coverage limits of the policy ($65,065 in dwelling coverage and $6,506 in coverage for other structures). American Modern attached to its motion to dismiss documents evidencing the amount of money D'Juve owes on her mortgage. Because these documents are not referred to in the pleadings, the motion must be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, D'Juve was given an opportunity to present countervailing evidence. FED. R. CIV. P. 12(d). In response, D'Juve argued that her Chapter 13 bankruptcy proceeding reduced the amount of money she owes on her mortgage to an amount below the policy limits.

## ANALYSIS

### A.      Legal Standard

#### 1.  Rule 12 of the Federal Rules of Civil Procedure

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

American Modern moved to dismiss under Rule 12(b)(1) arguing that D'Juve lacks standing to pursue the claim.  However, by arguing that D'Juve is not an insured under the policy, American Modern has attacked the merits of her claim.  "[W]here issues of fact are central to both subject matter jurisdiction and the claim on the merits [it has been] held that the trial court must assume jurisdiction and proceed to the merits." Montz v. Dep't of Navy, 392 F.3d 147, 150 (5th Cir. 2004). Specifically, "[i]n circumstances where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." Id. (quotations omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be

3

pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

**2. Rule 56 of the Federal Rules of Civil Procedure**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if

4

the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     American Modern's Motion**

American Modern argues that D'Juve's claim should be dismissed because the amount she owes on her mortgage exceeds the insurance policy's coverage limits.

Residential procured the force placed insurance policy at issue from American Modern when D'Juve failed to provide proof of homeowner's insurance as required by her mortgage contract.

5

Residential is the sole named insured under the policy. Although D'Juve is not specifically named as an additional insured, the policy provides, in pertinent part:

> **Loss Payment**. We will adjust any loss with you[1] and the mortgagor. We will pay you to the extent of your interest in the property. You hereby direct that any benefits due which are in excess of your interest in the property be paid to the mortgagor.

The policy's coverage limit for damages to the dwelling is $65,065. American Modern produced documents that demonstrate that as of August 4, 2014, D'Juve owed $91,575.71 on her mortgage. American Modern argues that because the policy's coverage limit is much less than D'Juve's payoff amount, there are no benefits in excess of Residential's interest in the property that would be payable to D'Juve. Thus, she has no claim under the policy.

In Graphia v. Balboa Ins. Co., 517 F.Supp.2d 854, 857 (E.D. La. 2007) (Vance, J.), the court examined a lender-placed insurance policy that provided: "The BORROWER shall be considered an additional insured with respect to any residual amounts of insurance over and above YOUR insurable interest." Evidence was presented which established that there was "no residual amount of insurance triggered in this case." Id. The court then examined the Louisiana law of stipulation pour autrui. Id. at 857-58. The creation of a stipulation pour autrui requires: (1) that the stipulation for a third-party beneficiary is manifestly clear; (2) that there is certainty as to the benefit provided to the third party; and, (3) that the benefit is not merely incidental to the contract between the promisor and promisee. Id. (citing Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary, 939 So.2d 1206, 1212 (La. 2006)). In Graphia, the court found that plaintiff was not a third-party beneficiary under the insurance policy with respect to her claimed losses, because the policy did "manifest a

---

[1] The policy defines "you" as "the financial institution shown in item 1. of the Policy Declarations as the Named Insured Mortgagee", which is Residential.

clear intention to benefit Graphia, but only to the extent that she ha[d] an insurable interest in the property. The contract evidence[d] no intent to give [Graphia] personal rights in the insurance coverage for losses that [did] not exceed the mortgagee's insurable interest."

In Lee v. Safeco Ins.Co. of Am., 2008 WL 2622997, at *4 (E.D. La.) (Africk, J.), the court examined a lender-placed insurance policy which provided:

> We will adjust all losses with you.[2] We will pay you but in no event more than the amount of your interest in the "insured location." Amounts payable in excess of your interest will be paid to the "borrower" unless some other person is named by the "borrower" to receive payment.

The court assumed that any loss payment to Lee could exceed the mortgagee's interest in the property, and found that the above-quoted language created a stipulation pour autrui. Id. at *4-6.

Graphia and Lee are distinguishable from each other. In Graphia the court considered evidence regarding whether the plaintiff's claim exceeded the mortgagee's interest, whereas in Lee the court assumed that plaintiff's claim did exceed the mortgagee's interest. In the case before this court, the January 5, 2015, payoff statement demonstrates that D'Juve's claim cannot exceed the mortgagee's interest because she owes more on the home than the policy's coverage limits. D'Juve argues that the payoff statement is incorrect because her Chapter 13 bankruptcy proceeding reduced the amount she owes on the mortgage. However, under 11 U.S.C. § 1322(b)(2), a Chapter 13 Plan may not reduce the principal balance owed on a primary residential mortgage. The document presented by D'Juve shows a plan for the payment of the amount she was in arrears on the mortgage when she filed for bankruptcy. D'Juve has not demonstrated that she owes less on her mortgage than the policy's coverage limits. Therefore, D'Juve is not a third-party beneficiary with respect to her

---

[2] "You" was defined as the mortgagee that was the named insured.

claimed losses because there is no excess over the mortgagee's interest and the policy language gives her rights only insofar as there is such an excess. American Modern's motion to dismiss D'Juve's claims is GRANTED.[3]

## CONCLUSION

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss Amended Complaint (Doc. #17) is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  14th  day of April, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[3] Because D'Juve is not a party covered under the insurance policy at issue, her bad faith claims brought under Louisiana Revised Statutes §§ 22:1973 and 22:1892 are DISMISSED. See Graphia, 517 F.Supp.2d at 858 (citing Riley v. Transamerica Ins. Grp. Premier Ins. Co., 923 F.Supp. 882, 887 (E.D. La. 1996) (Vance, J.); Woodruff v. State Farm Ins. Co., 767 So.2d 785, 788-89 (La. Ct. App. 2000)).